1   AMY W. SCHULMAN
    DLA PIPER LLP
2   1251 Avenue of the Americas
    New York, NY 10020
3   Telephone:  (212) 335-4500
    Facsimile:  (212) 335-4501
4   amy.schulman@dlapiper.com

5   STUART M. GORDON (SBN: 037477)
    GORDON & REES LLP
6   Embarcadero Center West
    275 Battery Street, Suite 2000
7   San Francisco, CA 94111
    Telephone:  (415) 986-5900
8   Facsimile:  (415) 986-8054
    sgordon@gordonrees.com
9
    MICHAEL C. ZELLERS (SBN: 146904)
10  TUCKER ELLIS & WEST LLP
    515 South Flower Street, Suite 4200
11  Los Angeles, CA 90071-2223
    Telephone:  (213) 430-3400
12  Facsimile:  (213) 430-3409
    michael.zellers@tuckerellis.com
13
14  Attorneys for Defendants
    PFIZER INC., PHARMACIA CORPORATION, AND
15  G.D. SEARLE LLC

                    UNITED STATES DISTRICT COURT
16
                    NORTHERN DISTRICT OF CALIFORNIA
17
                    SAN FRANCISCO DIVISION
18

19  IN RE CELEBREX AND BEXTRA          )   MDL Docket No. 1699
    MARKETING, SALES PRACTICES AND     )
20  PRODUCTS LIABILITY LITIGATION      )   CASE NO. 3:08-cv-1822-CRB
    ───────────────────────────────    )
    *This document relates to*         )
21                                     )   **PFIZER INC., PHARMACIA
    JAMES HUFFMAN, et al.,             )   CORPORATION, AND G.D.
22                                     )   SEARLE LLC'S ANSWER TO
            Plaintiffs,                )   COMPLAINT**
23                                     )
            vs.                        )   **JURY DEMAND ENDORSED
24                                     )   HEREIN**
    PFIZER INC., PHARMACIA CORPORATION,)
25  and G.D. SEARLE, LLC,              )
                                       )
26          Defendants.                )
                                       )
27  ───────────────────────────────    )

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-1-

NOW COME Defendants Pfizer Inc. Plaintiffs'("Pfizer"), Pharmacia Corporation ("Pharmacia"), and G.D. Searle LLC (improperly captioned in Plaintiffs' Complaint as "G.D. Searle, LLC") ("Searle") (collectively "Defendants"), and file this Answer to Plaintiffs' Complaint ("Complaint"), and would respectfully show the Court as follows:

## I.

## **PRELIMINARY STATEMENT**

The Complaint does not state in sufficient detail when Plaintiff and Decedent were prescribed or used Bextra® (valdecoxib) ("Bextra®"). Accordingly, this Answer can only be drafted generally. Defendants may seek leave to amend this Answer when discovery reveals the specific time periods in which Plaintiff and Decedent were prescribed and used Bextra®.

## II.

## **ANSWER**

## **Response to Allegations Regarding Parties**

1. Defendants admit that Plaintiffs brought this civil action seeking monetary damages, but deny that Plaintiffs are entitled to any relief or damages. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

2. Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

truth of the allegations regarding Plaintiffs' age and citizenship, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

3.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff and Decedent's age and citizenship, and, therefore, deny the same.

4.     Defendants admit that Pfizer is a Delaware corporation with its principal place of business in New York.  Defendants admit that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer. Defendants admit that, during certain periods of time, Pfizer marketed and co-promoted Bextra® in the United States, including California, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

5.     Defendants admit that Searle is a Delaware limited liability company with its principal place of business in Illinois.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

6.     Defendants admit that Pharmacia is a Delaware corporation with its principal place of business in New Jersey.  Defendants admit that, during certain periods of time, Pharmacia marketed and co-promoted Bextra® in the United States, including California, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants deny the

1    remaining allegations in this Paragraph of the Complaint.

2    **Response to Allegations Regarding Jurisdiction and Venue**

3    7.    Defendants are without knowledge or information to form a belief as to the truth of the

4    allegations in this paragraph of the Complaint regarding the amount in controversy, and,

5    therefore, deny that the same.  However, Defendants admit that Plaintiffs claim that the amount

6    in controversy exceeds $75,000, exclusive of interests and costs.

7    8.    Defendants are without knowledge or information sufficient to form a belief as to the

8    truth of the allegations in this paragraph of the Complaint regarding Plaintiffs' citizenship and

9    the amount in controversy, and, therefore, deny the same.  However, Defendants admit that

10    Plaintiffs claim that the parties are diverse and that the amount in controversy exceeds $75,000,

11    exclusive of interests and costs.

12    9.    Defendants are without knowledge or information sufficient to form a belief as to the

13    truth of the allegations in this paragraph of the Complaint regarding the judicial district in

14    which the asserted claims allegedly arose, and, therefore, deny the same.  Defendants deny

15    committing a tort in the States of Michigan, New York, or California and deny the remaining

16    allegations in this paragraph of the Complaint.

17    10.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

18    and co-promoted Bextra® in the United States, including California and Louisiana, to be

19    prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

20    with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra®

21    was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted

22    and distributed Bextra® in the United States to be prescribed by healthcare providers who are

23    by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

24    admit that they provided FDA-approved prescribing information regarding Bextra®.

25    Defendants admit that they do business in the State of California.  Defendants state that

26    Plaintiffs' allegations regarding "predecessors in interest" are vague and ambiguous.

27    Defendants are without knowledge or information to form a belief as to the truth of such

28    allegations, and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA  94111*

1    remaining allegations in this paragraph of the Complaint.

2    **Response to Allegations Regarding Interdistrict Assignment**

3    11.    Defendants state that this paragraph of the Complaint contains legal contentions to

4    which no response is required.  To the extent that a response is deemed required, Defendants

5    admit that this case should be transferred to In re: Bextra and Celebrex Marketing, Sales Prac.

6    and Prods. Liab. Litig., MDL-1699, assigned to the Honorable Charles R. Breyer by the Judicial

7    Panel on Multidistrict Litigation on September 6, 2005.

8    **Response to Factual Allegations**

9    12.    Defendants are without knowledge or information sufficient to form a belief as to the

10   truth of the allegations regarding Plaintiff's medical condition and whether Plaintiff used

11   Bextra®, and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that

12   Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this

13   paragraph of the Complaint.

14   13.    Defendants are without knowledge or information sufficient to form a belief as to the

15   truth of the allegations regarding Decedent's medical condition and whether Decedent used

16   Bextra®, and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that

17   Bextra® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in

18   this paragraph of the Complaint.

19   14.    Defendants are without knowledge or information sufficient to form a belief as to the

20   truth of the allegations regarding Plaintiff's and Decedent's medical condition and whether

21   Plaintiff and Decedent used Bextra®, and, therefore, deny the same.  Defendants deny any

22   wrongful conduct, deny that Bextra® caused Plaintiffs or Decedent injury or damage, and deny

23   the remaining allegations in this paragraph of the Complaint.

24   15.    Defendants admit that Bextra® was expected to reach consumers without substantial

25   change from the time of sale.  Defendants are without knowledge or information sufficient to

26   form a belief as to the truth of the allegations regarding whether Plaintiff and Decedent used

27   Bextra®, and, therefore, deny the same.  Defendants deny the remaining allegations this

28   paragraph of the Complaint.

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

16.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff and Decedent used Bextra®, and, therefore, deny the same.  Defendants deny remaining the allegations in this paragraph of the Complaint.

17.     Defendants admit that Bextra® is in a class of drugs that is, at times, referred to as non-steroidal anti-inflammatory drugs ("NSAIDS").  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny the remaining allegations in this paragraph of the Complaint.

18.     The allegations in this paragraph of the Complaint are not directed toward Defendants and, therefore, no response is required.  To the extent a response is deemed required, Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

19.     The allegations in this paragraph of the Complaint are not directed toward Defendants and, therefore, no response is required.  To the extent a response is deemed required, Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

20.     The allegations in this paragraph of the Complaint are not directed toward Defendants and, therefore, no response is required.  To the extent a response is deemed required, Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  form a belief as to the truth of such allegations and, therefore, deny the same.

2  21.    The allegations in this paragraph of the Complaint are not directed toward Defendants

3  and, therefore, no response is required.    To the extent a response is deemed required,

4  Defendants state that Plaintiffs fail to provide the proper context for the allegations in this

5  paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to

6  form a belief as to the truth of such allegations and, therefore, deny the same.

7  22.    Plaintiffs fail to provide the proper context for the allegations in this paragraph of the

8  Complaint.  Defendants lack sufficient information or knowledge to form a belief as to the truth

9  of such allegations and, therefore, deny the same.

10  23.    Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are

11  vague and ambiguous.  Defendants are without knowledge or information to form a belief as to

12  the truth of such allegations, and, therefore, deny the same.    Defendants deny any wrongful

13  conduct and deny the remaining allegations in this paragraph of the Complaint.

14  24.    Plaintiffs do not allege that Plaintiff or Decedent used Celebrex® in this Complaint.

15  Nevertheless, Defendants admit that Celebrex® was launched in the United States in February

16  1999.  Defendants state that Celebrex® was and is safe and effective when used in accordance

17  with its FDA-approved prescribing information.  Defendants admit that, during certain periods

18  of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be

19  prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

20  with their approval by the FDA.    Defendants admit that, during certain periods of time,

21  Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-

22  promoted and distributed Celebrex® in the United States to be prescribed by healthcare

23  providers who are by law authorized to prescribe drugs in accordance with their approval by the

24  FDA.  The allegations in this paragraph of the Complaint regarding Merck and Vioxx® are not

25  directed toward Defendants and, therefore, no response is required.  To the extent a response is

26  deemed required, Defendants state that Plaintiffs fail to provide the proper context for the

27  allegations in this paragraph of the Complaint regarding Merck and Vioxx®.    Defendants

28  therefore lack sufficient information or knowledge to form a belief as to the truth of such

1    allegations and, therefore, deny the same.  Defendants deny the remaining allegations in this

2    paragraph of the Complaint.

3    25.    Defendants admit that the New Drug Application for Bextra® was filed with the FDA

4    on January 15, 2001.  Defendants admit, as indicated in the package insert approved by the

5    FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis

6    and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.

7    Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and

8    ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of

9    such allegations, and, therefore, deny the same.  Defendants deny the remaining allegations in

10   this paragraph of the Complaint.

11   26.    Defendants admit that Bextra® was approved by the FDA on November 16, 2001.

12   Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is

13   indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid

14   arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants deny the remaining

15   allegations in this paragraph of the Complaint.

16   27.    Defendants admit, as indicated in the package insert approved by the FDA, that Bextra®

17   is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

18   rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants deny

19   the remaining allegations in this paragraph of the Complaint.

20   28.    Defendants admit, as indicated in the package insert approved by the FDA, that Bextra®

21   is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

22   rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants state

23   that Bextra® was and is safe and effective when used in accordance with its FDA-approved

24   prescribing information.  Defendants state that the potential effects of Bextra® were and are

25   adequately described in its FDA-approved prescribing information, which at all times was

26   adequate and comported with applicable standards of care and law.  Defendants deny the

27   remaining allegations in this paragraph of the Complaint.

28   29.    Defendants state that Bextra® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1 | with its FDA-approved prescribing information.  Defendants state that the potential effects of

2 | Bextra® were and are adequately described in its FDA-approved prescribing information,

3 | which at all times was adequate and comported with applicable standards of care and law.

4 | Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

5 | promoted Bextra® in the United States to be prescribed by healthcare providers who are by law

6 | authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit

7 | that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which

8 | developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be

9 | prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

10 | with their approval by the FDA.  Defendants state that Plaintiffs' allegations regarding

11 | "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or

12 | information to form a belief as to the truth of such allegations, and, therefore, deny the same.

13 | Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

14 | the Complaint.

15 | 30.    Defendants state that the referenced article speaks for itself and respectfully refer the

16 | Court to the article for its actual language and text.  Any attempt to characterize the article is

17 | denied.  Defendants state that Bextra® was and is safe and effective when used in accordance

18 | with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

19 | this paragraph of the Complaint.

20 | 31.    The allegations in this paragraph of the Complaint are not directed towards Defendants

21 | and, therefore, no response is necessary.  Should a response be deemed necessary, Defendants

22 | state that the referenced article speaks for itself and respectfully refer the Court to the article for

23 | its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny

24 | the remaining allegations in this paragraph of the Complaint.

25 | 32.    Defendants admit that the New Drug Application for Bextra® was filed with the FDA

26 | on January 15, 2001.  Defendants admit that Bextra® was approved by the FDA, on November

27 | 16, 2001.  Defendants deny any wrongful conduct and the remaining allegations in this

28 | paragraph of the Complaint.

33.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants deny the allegations in this paragraph of the Complaint.

34.    Defendants state that the referenced FDA Talk Paper for Bextra® speaks for itself and respectfully refer the Court to the Talk Paper for its actual language and text.  Any attempt to characterize the Talk Paper is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

35.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

36.    Plaintiffs fail to provide the proper context for the allegations concerning the "post-drug approval meta-analysis study" in this paragraph of the Complaint.  Defendants are without sufficient information to confirm or deny such allegations and, therefore, deny the same. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

37.    The allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is necessary.  Should a response be deemed necessary, Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

38.    The allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is necessary.  Should a response be deemed necessary, Defendants admit that a Joint Meeting of the Arthritis Advisory Committee and the Drug Safety and Risk Management Advisory Committee was held on February 16-18, 2005.  Defendants state that the referenced testimony speaks for itself and respectfully refer the Court to the testimony for its

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

actual language and text.  Any attempt to characterize the testimony is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

39.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

40.     Defendants state that the referenced Alert for Healthcare Professionals speaks for itself and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language and text.  Any attempt to characterize the Alert for Healthcare Professionals is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

41.     Defendants state that the referenced Alert for Healthcare Professionals speaks for itself and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language and text.  Any attempt to characterize the Alert for Healthcare Professionals is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

42.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.   Defendants deny the allegations in this paragraph of the Complaint.

43.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

44.     The allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is necessary.  Should a response be deemed necessary, Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

45.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    which was at all times adequate and comported with applicable standards of care and law.

2    Defendants deny the allegations in this paragraph of the Complaint.

3    46.    Defendants state that Bextra® was and is safe and effective when used in accordance

4    with its FDA-approved prescribing information.  Defendants state that the potential effects of

5    Bextra® were and are adequately described in its FDA-approved prescribing information,

6    which was at all times adequate and comported with applicable standards of care and law.

7    Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining

8    allegations in this paragraph of the Complaint.

9    47.    Defendants state that Bextra® was and is safe and effective when used in accordance

10   with its FDA-approved prescribing information.  Defendants state that the potential effects of

11   Bextra® were and are adequately described in its FDA-approved prescribing information,

12   which was at all times adequate and comported with applicable standards of care and law.

13   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

14   the Complaint.

15   48.    Defendants deny the allegations in this paragraph of the Complaint.

16   49.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

17   and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

18   by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

19   admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

20   which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

21   be prescribed by healthcare providers who are by law authorized to prescribe drugs in

22   accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and

23   effective when used in accordance with its FDA-approved prescribing information.  Defendants

24   state that the potential effects of Bextra® were and are adequately described in its FDA-

25   approved prescribing information, which was at all times adequate and comported with

26   applicable standards of care and law.   Defendants are without knowledge or information

27   sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff and

28   Decedent used Bextra®, and, therefore, deny the same.  Defendants deny any wrongful conduct

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    and deny the allegations in this paragraph of the Complaint.

2    50.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

3    and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

4    by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

5    admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

6    which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

7    be prescribed by healthcare providers who are by law authorized to prescribe drugs in

8    accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and

9    effective when used in accordance with its FDA-approved prescribing information.  Defendants

10   state that the potential effects of Bextra® were and are adequately described in its FDA-

11   approved prescribing information, which was at all times adequate and comported with

12   applicable standards of care and law.  Defendants deny the remaining allegations in this

13   paragraph of the Complaint.

14   51.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

15   and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

16   by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

17   admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

18   which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

19   be prescribed by healthcare providers who are by law authorized to prescribe drugs in

20   accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and

21   effective when used in accordance with its FDA-approved prescribing information.  Defendants

22   state that the potential effects of Bextra® were and are adequately described in its FDA-

23   approved prescribing information, which was at all times adequate and comported with

24   applicable standards of care and law.  Defendants admit, as indicated in the package insert

25   approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms

26   of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary

27   dysmenorrhea.  Defendants deny the remaining allegations in this paragraph of the Complaint.

28   52.    Defendants state that Bextra® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the allegations in this paragraph of the Complaint.

53.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

54.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

55.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

56.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

57.    Defendants deny the allegations in this paragraph of the Complaint.

58.    Defendants admit that the sale of Bextra® was voluntarily suspended in the U.S. market as of April 7, 2005.  Defendants deny any wrongful conduct and deny the remaining allegations contained in this paragraph of the Complaint.

59.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining allegations in this paragraph of the Complaint.

60.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

61.    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

62.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    Bextra® were and are adequately described in its FDA-approved prescribing information,

2    which was at all times adequate and comported with applicable standards of care and law.

3    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

4    promoted Bextra® in the United States to be prescribed by healthcare providers who are by law

5    authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit

6    that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which

7    developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be

8    prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

9    with their approval by the FDA.  Defendants deny any wrongful conduct and deny the

10   remaining allegations in this paragraph of the Complaint.

11   63.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

12   and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

13   by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

14   admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

15   which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

16   be prescribed by healthcare providers who are by law authorized to prescribe drugs in

17   accordance with their approval by the FDA.  Defendants deny the remaining allegations in this

18   paragraph of the Complaint.

19   64.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

20   and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

21   by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

22   admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

23   which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

24   be prescribed by healthcare providers who are by law authorized to prescribe drugs in

25   accordance with their approval by the FDA.  Defendants admit, as indicated in the package

26   insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and

27   symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of

28   primary dysmenorrhea.  Defendants deny any wrongful conduct and deny the remaining

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-16-

1    allegations in this paragraph of the Complaint.

2    65.     Defendants state that Bextra® was and is safe and effective when used in accordance

3    with its FDA-approved prescribing information.  Defendants state that the potential effects of

4    Bextra® were and are adequately described in its FDA-approved prescribing information,

5    which was at all times adequate and comported with applicable standards of care and law.

6    Defendants are without knowledge or information sufficient to form a belief as to the truth of

7    the allegations regarding and whether Plaintiff and Decedent used Bextra®, and, therefore,

8    deny the same.  Defendants state that Plaintiffs' allegations regarding "predecessors in interest"

9    are vague and ambiguous.  Defendants are without knowledge or information to form a belief as

10   to the truth of such allegations, and, therefore, deny the same.  Defendants deny any wrongful

11   conduct, deny that Bextra® is defective, deny that Bextra® caused Plaintiffs or Decedent injury

12   or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to First Cause of Action: Negligence**

13

14   66.     Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

15   Complaint as if fully set forth herein.

16   67.     Defendants state that this paragraph of the Complaint contains legal contentions to

17   which no response is deemed required.   To the extent a response is deemed required,

18   Defendants admit that they had duties as are imposed by law but deny having breached such

19   duties.  Defendants state that the potential effects of Bextra® were and are adequately described

20   in its FDA-approved prescribing information, which was at all times adequate and comported

21   with applicable standards of care and law.  Defendants state that Bextra® was and is safe and

22   effective when used in accordance with its FDA-approved prescribing information.  Defendants

23   deny the remaining allegations in this paragraph of the Complaint.

24   68.     Defendants state that this paragraph of the Complaint contains legal contentions to

25   which no response is deemed required.   To the extent a response is deemed required,

26   Defendants admit that they had duties as are imposed by law but deny having breached such

27   duties.  Defendants state that Bextra® was and is safe and effective when used in accordance

28   with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-17-

1   this paragraph of the Complaint.

2   69.    Defendants state that this paragraph of the Complaint contains legal contentions to

3   which no response is required.  To the extent that a response is deemed required, Defendants

4   admit that they had duties as are imposed by law but deny having breached such duties.

5   Defendants state that Bextra® was and is safe and effective when used in accordance with its

6   FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

7   were and are adequately described in its FDA-approved prescribing information, which was at

8   all times adequate and comported with applicable standards of care and law.  Defendants deny

9   any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint,

10  including all subparts.

11  70.    Defendants state that Bextra® was and is safe and effective when used in accordance

12  with its FDA-approved prescribing information.  Defendants state that the potential effects of

13  Bextra® were and are adequately described in its FDA-approved prescribing information,

14  which was at all times adequate and comported with applicable standards of care and law.

15  Defendants are without knowledge or information sufficient to form a belief as to the truth of

16  the allegations regarding whether Plaintiff and Decedent used Bextra®, and, therefore, deny the

17  same.  Defendants deny any wrongful conduct and deny the remaining allegations in this

18  paragraph of the Complaint.

19  71.    Defendants state that Bextra® was and is safe and effective when used in accordance

20  with its FDA-approved prescribing information.  Defendants state that the potential effects of

21  Bextra® were and are adequately described in its FDA-approved prescribing information,

22  which was at all times adequate and comported with applicable standards of care and law.

23  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

24  the Complaint.

25  72.    Defendants state that Bextra® was and is safe and effective when used in accordance

26  with its FDA-approved prescribing information.  Defendants deny any wrongful conduct, deny

27  that Bextra® caused Plaintiffs or Decedent injury or damage, and deny the remaining

28  allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

73.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

74.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs or Decedent injury or damage and deny the remaining allegations in this paragraph of the Complaint.

75.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

### Response to Second Cause of Action: Strict Liability

76.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

77.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff and Decedent used Bextra®, and, therefore, deny the same.  Defendants admit that Bextra® was expected to reach consumers without substantial change in the condition from the time of sale.  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

78.    Defendants state that Bextra® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    with its FDA-approved prescribing information.  Defendants state that the potential effects of

2    Bextra® were and are adequately described in its FDA-approved prescribing information,

3    which was at all times adequate and comported with applicable standards of care and law.

4    Defendants deny the allegations in this paragraph of the Complaint.

5    79.    Defendants state that Bextra® was and is safe and effective when used in accordance

6    with its FDA-approved prescribing information.  Defendants state that the potential effects of

7    Bextra® were and are adequately described in its FDA-approved prescribing information,

8    which was at all times adequate and comported with applicable standards of care and law.

9    Defendants deny that Bextra® is defective or unreasonably dangerous, and deny the remaining

10   allegations in this paragraph of the Complaint.

11   80.    Defendants state that this paragraph of the Complaint contains legal contentions to

12   which no response is deemed required.   To the extent a response is deemed required,

13   Defendants state that Bextra® was and is safe and effective when used in accordance with its

14   FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

15   were and are adequately described in its FDA-approved prescribing information, which was at

16   all times adequate and comported with applicable standards of care and law.  Defendants deny

17   that Bextra® is unreasonably dangerous, and deny the remaining allegations in this paragraph

18   of the Complaint, including all subparts.

19   81.    Defendants state that this paragraph of the Complaint contains legal contentions to

20   which no response is deemed required.   To the extent a response is deemed required,

21   Defendants state that Bextra® was and is safe and effective when used in accordance with its

22   FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

23   were and are adequately described in its FDA-approved prescribing information, which was at

24   all times adequate and comported with applicable standards of care and law.  Defendants deny

25   any wrongful conduct, deny that Bextra® is unreasonably dangerous, and deny the remaining

26   allegations in this paragraph of the Complaint.

27   82.    Defendants state that Bextra® was and is safe and effective when used in accordance

28   with its FDA-approved prescribing information.  Defendants state that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective, deny that Bextra® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

83.   Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining allegations in this paragraph of the Complaint.

84.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff and Decedent used Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny any wrongful conduct, deny that Bextra® is defective, deny that Bextra® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

85.   Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

86.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff and Decedent used Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny the remaining allegations in this paragraph of the Complaint.

87.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

88.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff and Decedent used Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny that Bextra® is defective and deny the remaining allegations in this paragraph of the Complaint.

89.     Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

90.     Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

91.     Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs or

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   Decedent injury or damage, and deny the remaining allegations in this paragraph of the

2   Complaint.

3   **Response to Third Cause of Action: Breach of Express Warranty**

4   92.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

5   Complaint as if fully set forth herein.

6   93.    Defendants are without knowledge or information sufficient to form a belief as to the

7   truth of the allegations regarding whether Plaintiff and Decedent used Bextra®, and, therefore,

8   deny the same.  Defendants state that Bextra® was and is safe and effective when used in

9   accordance with its FDA-approved prescribing information.  Defendants state that the potential

10  effects of Bextra® were and are adequately described in its FDA-approved prescribing

11  information, which was at all times adequate and comported with applicable standards of care

12  and law.    Defendants admit that they provided FDA-approved prescribing information

13  regarding Bextra®.    Defendants deny the remaining allegations in this paragraph of the

14  Complaint.

15  94.    Defendants are without knowledge or information sufficient to form a belief as to the

16  truth of the allegations regarding whether Plaintiff and Decedent used Bextra®, and, therefore,

17  deny the same.  Defendants state that Bextra® was and is safe and effective when used in

18  accordance with its FDA-approved prescribing information.  Defendants state that the potential

19  effects of Bextra® were and are adequately described in its FDA-approved prescribing

20  information, which was at all times adequate and comported with applicable standards of care

21  and law.    Defendants admit that they provided FDA-approved prescribing information

22  regarding Bextra®.    Defendants deny the remaining allegations in this paragraph of the

23  Complaint, including all subparts.

24  95.    Defendants deny the allegations in this paragraph of the Complaint.

25  96.    Defendants state that Bextra® was and is safe and effective when used in accordance

26  with its FDA-approved prescribing information.  Defendants state that the potential effects of

27  Bextra® were and are adequately described in its FDA-approved prescribing information,

28  which was at all times adequate and comported with applicable standards of care and law.

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  Defendants admit that they provided FDA-approved prescribing information regarding

2  Bextra®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

3  97.    Defendants state that Bextra® was and is safe and effective when used in accordance

4  with its FDA-approved prescribing information.  Defendants state that the potential effects of

5  Bextra® were and are adequately described in its FDA-approved prescribing information,

6  which was at all times adequate and comported with applicable standards of care and law.

7  Defendants admit that they provided FDA-approved prescribing information regarding

8  Bextra®.  Defendants deny any wrongful conduct the remaining allegations in this paragraph of

9  the Complaint.

10  98.    Defendants are without knowledge or information sufficient to form a belief as to the

11  truth of the allegations regarding whether Plaintiff and Decedent used Bextra®, and, therefore,

12  deny the same.  Defendants admit that they provided FDA-approved prescribing information

13  regarding Bextra®.    Defendants deny the remaining allegations in this paragraph of the

14  Complaint.

15  99.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs or

16  Decedent injury or damage, and deny the remaining allegations in this paragraph of the

17  Complaint.

18  100.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs or

19  Decedent injury or damage, and deny the remaining allegations in this paragraph of the

20  Complaint.

21  101.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs or

22  Decedent injury or damage, and deny the remaining allegations in this paragraph of the

23  Complaint.

24  **Response to Fourth Cause of Action: Breach of Implied Warranty**

25  102.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

26  Complaint as if fully set forth herein.

27  103.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

28  and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

1    by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

2    admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

3    which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

4    be prescribed by healthcare providers who are by law authorized to prescribe drugs in

5    accordance with their approval by the FDA.  Defendants deny the remaining allegations in this

6    paragraph of the Complaint.

7    104.    Defendants admit that they provided FDA-approved prescribing information regarding

8    Bextra®.  Defendants admit, as indicated in the package insert approved by the FDA, that

9    Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

10    rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants state

11    that Bextra® was and is safe and effective when used in accordance with its FDA-approved

12    prescribing information.  Defendants deny the remaining allegations in this paragraph of the

13    Complaint.

14    105.    Defendants are without knowledge or information sufficient to form a belief as to the

15    truth of the allegations regarding whether Plaintiff and Decedent used Bextra®, and, therefore,

16    deny the same.  Defendants admit, as indicated in the package insert approved by the FDA, that

17    Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

18    rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants deny

19    the remaining allegations in this paragraph of the Complaint.

20    106.    Defendants are without knowledge or information sufficient to form a belief as to the

21    truth of the allegations regarding whether Plaintiff and Decedent used Bextra®, and, therefore,

22    deny the same.  Defendants state that Bextra® was and is safe and effective when used in

23    accordance with its FDA-approved prescribing information.  Defendants deny the remaining

24    allegations in this paragraph of the Complaint.

25    107.    Defendants are without knowledge or information sufficient to form a belief as to the

26    truth of the allegations regarding whether Plaintiff and Decedent used Bextra®, and, therefore,

27    deny the same.  Defendants state that Bextra® was expected to reach consumers without

28    substantial change in the condition from the time of sale.  Defendants deny the remaining

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    allegations in this paragraph of the Complaint.

2    108.    Defendants are without knowledge or information sufficient to form a belief as to the

3    truth of the allegations regarding whether Plaintiff and Decedent used Bextra®, and, therefore,

4    deny the same.  Defendants state that Bextra® was and is safe and effective when used in

5    accordance with its FDA-approved prescribing information.  Defendants deny any wrongful

6    conduct and deny the remaining allegations in this paragraph of the Complaint.

7    109.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs or

8    Decedent injury or damage, and deny the remaining allegations in this paragraph of the

9    Complaint.

10    110.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs or

11    Decedent injury or damage, and deny the remaining allegations in this paragraph of the

12    Complaint.

13    111.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs or

14    Decedent injury or damage, and deny the remaining allegations in this paragraph of the

15    Complaint.

16    **Response to Fifth Cause of Action: Fraudulent Misrepresentation & Concealment**

17    112.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

18    Complaint as if fully set forth herein.

19    113.    Defendants state that this paragraph of the Complaint contains legal contentions to

20    which no response is deemed required.   To the extent a response is deemed required,

21    Defendants admit that they had duties as are imposed by law but deny having breached such

22    duties.  Defendants state that Bextra® was and is safe and effective when used in accordance

23    with its FDA-approved prescribing information.  Defendants state that the potential effects of

24    Bextra® were and are adequately described in its FDA-approved prescribing information,

25    which was at all times adequate and comported with applicable standards of care and law.

26    Defendants deny the remaining allegations in this paragraph of the Complaint.

27    114.    Defendants state that Bextra® was and is safe and effective when used in accordance

28    with its FDA-approved prescribing information.  Defendants state that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

115.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

116.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

117.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

118.    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

119.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff and Decedent used Bextra®, and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

120.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff and Decedent used Bextra®, and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

121.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff and Decedent used Bextra®, and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

122.    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

123.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff and Decedent used Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

124.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

125.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

126.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

1

**Response to Sixth Cause of Action: Unjust Enrichment**

2  127.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

3  Complaint as if fully set forth herein.

4  128.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

5  and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

6  by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

7  admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

8  which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

9  be prescribed by healthcare providers who are by law authorized to prescribe drugs in

10  accordance with their approval by the FDA.  Defendants deny the remaining allegations in this

11  paragraph of the Complaint.

12  129.    Defendants are without knowledge or information sufficient to form a belief as to the

13  truth of the allegations regarding whether Plaintiff and Decedent used Bextra®, and, therefore,

14  deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

15  130.    Defendants are without knowledge or information sufficient to form a belief as to the

16  truth of the allegations regarding whether Plaintiff and Decedent used Bextra®, and, therefore,

17  deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

18  131.    Defendants are without knowledge or information sufficient to form a belief as to the

19  truth of the allegations regarding whether Plaintiff and Decedent used Bextra®, and, therefore,

20  deny the same.  Defendants state that Bextra® was and is safe and effective when used in

21  accordance with its FDA-approved prescribing information.  Defendants deny the remaining

22  allegations in this paragraph of the Complaint.

23  132.    Defendants are without knowledge or information sufficient to form a belief as to the

24  truth of the allegations regarding whether Plaintiff and Decedent used Bextra®, and, therefore,

25  deny the same.  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs or

26  Decedent injury or damage, and deny the remaining allegations in this paragraph of the

27  Complaint.

28  133.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs or

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-29-

ANSWER TO COMPLAINT – 3:08-cv-1822-CRB

1   Decedent injury or damage, and deny the remaining allegations in this paragraph of the

2   Complaint.

3                           **Response to Prayer for Relief**

4          Answering the unnumbered paragraph of the Complaint headed "Prayer for Relief,"

5   Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs or Decedent injury

6   or damage, and deny the remaining allegations in this paragraph of the Complaint, including all

7   subparts.

8                                    **III.**

9                              **GENERAL DENIAL**

10         Defendants deny all allegations and/or legal conclusions set forth in Plaintiffs'

11  Complaint that have not been previously admitted, denied, or explained.

12                                   **IV.**

13                          **AFFIRMATIVE DEFENSES**

14         Defendants reserve the right to rely upon any of the following or additional defenses to

15  claims asserted by Plaintiffs to the extent that such defenses are supported by information

16  developed through discovery or evidence at trial.  Defendants affirmatively show that:

17                              **First Defense**

18  1.    The Complaint fails to state a claim upon which relief can be granted.

19                              **Second Defense**

20  2.    Bextra® is a prescription medical product.  The federal government has preempted the

21  field of law applicable to the labeling and warning of prescription medical products.

22  Defendants' labeling and warning of Bextra® was at all times in compliance with applicable

23  federal law.  Plaintiffs' causes of action against Defendants, therefore, fail to state a claim upon

24  which relief can be granted; such claims, if allowed, would conflict with applicable federal law

25  and violate the Supremacy Clause of the United States Constitution.

26                              **Third Defense**

27  3.    At all relevant times, Defendants provided proper warnings, information, and

28  instructions for the drug in accordance with generally recognized and prevailing standards in

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

existence at the time.

### Fourth Defense

4.    At all relevant times, Defendants' warnings and instructions with respect to the use of Bextra® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured, marketed, and distributed.

### Fifth Defense

5.    Plaintiffs' action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendants.

### Sixth Defense

6.    Plaintiffs' action is barred by the statute of repose.

### Seventh Defense

7.    If Plaintiffs or Decedent sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same were caused by the negligence or fault of the Plaintiffs or Decedent and Plaintiffs' damages, if any, are barred or reduced by the doctrines of comparative fault and contributory negligence and by the failure to mitigate damages.

### Eighth Defense

8.    The proximate cause of the loss complained of by Plaintiffs is not due to any acts or omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not liable in any way.

### Ninth Defense

9.    The acts and/or omissions of unrelated third parties as alleged constituted independent, intervening causes for which Defendants cannot be liable.

### Tenth Defense

10.    Any injuries or expenses incurred by Plaintiffs or Decedent were not caused by Bextra®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act of God.

**Gordon & Rees, LLP**
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Eleventh Defense**

11.    Defendants affirmatively deny that it violated any duty owed to Plaintiffs or Decedent.

**Twelfth Defense**

12.    A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product. Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product. Bextra® is a prescription medical product, available only on the order of a licensed physician. Bextra® provided an adequate warning to Plaintiff's and Decedent's treating and prescribing physicians.

**Thirteenth Defense**

13.    The product at issue was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

**Fourteenth Defense**

14.    Bextra® was at all times material to the Complaint reasonably safe and reasonably fit for its intended use and the warnings and instructions accompanying Bextra® at the time of the occurrence of the injuries alleged by Plaintiffs were legally adequate for its approved usages.

**Fifteenth Defense**

15.    Plaintiffs' causes of action are barred in whole or in part by the lack of a defect as the Bextra® allegedly ingested by Plaintiff and Decedent was prepared in accordance with the applicable standard of care.

**Sixteenth Defense**

16.    If Plaintiffs or Decedent sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same were caused by the unforeseeable alteration, change, improper handling, abnormal use, or other unforeseeable misuse of Bextra® by persons other than Pfizer or persons acting on its behalf after the product left the control of Pfizer.

**Seventeenth Defense**

17.    Plaintiffs' alleged damages were not caused by any failure to warn on the part of

-32-

ANSWER TO COMPLAINT – 3:08-cv-1822-CRB

Defendants.

### Eighteenth Defense

18.     Plaintiffs' and Decedent's alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Bextra®.

### Nineteenth Defense

19.     Plaintiff and Decedent knew or should have known of any risk associated with Bextra®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

### Twentieth Defense

20.     Plaintiffs are barred from recovering against Defendants because Plaintiffs' claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

### Twenty-first Defense

21.     Plaintiffs' claims are barred in whole or in part under the applicable state law because the subject pharmaceutical product at issue was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

### Twenty-second Defense

22.     The manufacture, distribution, and sale of the pharmaceutical product referred to in Plaintiffs' Complaint were at all times in compliance with all federal regulations and statutes, and Plaintiffs' causes of action are preempted.

### Twenty-third Defense

23.     Plaintiffs' claims are barred in whole or in part by the deference given to the primary jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at issue under applicable federal laws, regulations, and rules.

### Twenty-fourth Defense

24.     Plaintiffs' claims are barred in whole or in part because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable federal laws, regulations, and rules.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1

**Twenty-fifth Defense**

2    25.    Plaintiffs' claims are barred in whole or in part because Defendants provided adequate

3    "direction or warnings" as to the use of the subject pharmaceutical product within the meaning

4    of Comment j to Section 402A of the Restatement (Second) of Torts.

5

**Twenty-sixth Defense**

6    26.    Plaintiffs' claims are barred or limited to a product liability failure to warn claim

7    because Bextra® is a prescription pharmaceutical drug and falls within the ambit of

8    Restatement (Second) of Torts § 402A, Comment k.

9

**Twenty-seventh Defense**

10    27.    Plaintiffs' claims are barred in whole or in part because the subject pharmaceutical

11    product at issue "provides net benefits for a class of patients" within the meaning of Comment f

12    to § 6 of the Restatement (Third) of Torts: Products Liability.

13

**Twenty-eighth Defense**

14    28.    Plaintiffs' claims are barred under § 4, et seq., of the Restatement (Third) of Torts:

15    Products Liability.

16

**Twenty-ninth Defense**

17    29.    To the extent that Plaintiffs are seeking punitive damages, Plaintiffs have failed to plead

18    facts sufficient under the law to justify an award of punitive damages.

19

**Thirtieth Defense**

20    30.    The imposition of punitive damages in this case would violate Defendants' rights to

21    procedural due process under the Fourteenth Amendment of the United States Constitution,

22    under the Constitution of the State of Pennsylvania, and under the Constitution of the States of

23    California, Michigan, and New York, and would additionally violate Defendants' right to

24    substantive due process under the Fourteenth Amendment of the United States Constitution.

25

**Thirty-first Defense**

26    31.    Plaintiffs' claims for punitive damages are barred, in whole or in part, by and the Fifth

27    and Fourteenth Amendments to the United States Constitution.

28

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

### Thirty-second Defense

32.     The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

### Thirty-third Defense

33.     Plaintiffs' punitive damage claims are preempted by federal law.

### Thirty-fourth Defense

34.     In the event that reliance was placed upon Defendants' nonconformance to an express representation, this action is barred as there was no reliance upon representations, if any, of Defendants.

### Thirty-fifth Defense

35.     Plaintiffs and Decedent failed to provide Defendants with timely notice of any alleged nonconformance to any express representation.

### Thirty-sixth Defense

36.     To the extent that Plaintiffs' claims are based on a theory providing for liability without proof of causation, the claims violate Defendants' rights under the United States Constitution.

### Thirty-seventh Defense

37.     Plaintiffs' claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the subject pharmaceutical products were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

### Thirty-eighth Defense

38.     To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, and the Full Faith and Credit Clause of the United States Constitution and the Constitutions of the States of California, Michigan, and New York.  Any law, statute, or other

authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages; (3)  permits recovery of punitive damages based on out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiffs or Decedent; (4) permits recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiffs and Decedent and to the amount of compensatory damages, if any; (5) permits jury consideration of net worth or other financial information relating to Defendants; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

**Thirty-ninth Defense**

39.    The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Bextra®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

**Fortieth Defense**

40.    The claims asserted in the Complaint are barred because Bextra® was designed, tested, manufactured, and labeled in accordance with the state-of-the-art industry standards existing at the time of the sale.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Forty-first Defense

2    41.    If Plaintiffs or Decedent have sustained injuries or losses as alleged in the Complaint,

3    upon information and belief, such injuries and losses were caused by the actions of persons not

4    having real or apparent authority to take said actions on behalf of Defendants and over whom

5    Defendants had no control and for whom Defendants may not be held accountable.

### Forty-second Defense

7    42.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra®

8    was not unreasonably dangerous or defective, was suitable for the purpose for which it was

9    intended, and was distributed with adequate and sufficient warnings.

### Forty-third Defense

11    43.    Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches,

12    waiver, and/or estoppel.

### Forty-fourth Defense

14    44.    Plaintiffs' claims are barred because Plaintiff's and Decedent's injuries, if any, were the

15    result of the pre-existing and/or unrelated medical, genetic, and/or environmental conditions,

16    diseases or illnesses, subsequent medical conditions or natural courses of conditions of Plaintiff

17    and Decedent, and were independent of or far removed from Defendants' conduct.

### Forty-fifth Defense

19    45.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra®

20    did not proximately cause injuries or damages to Plaintiffs or Decedent.

### Forty-sixth Defense

22    46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiffs

23    and Decedent did not incur any ascertainable loss as a result of Defendants' conduct.

### Forty-seventh Defense

25    47.    The claims asserted in the Complaint are barred, in whole or in part, because the

26    manufacturing, labeling, packaging, and any advertising of the product complied with the

27    applicable codes, standards and regulations established, adopted, promulgated or approved by

28    any applicable regulatory body, including but not limited to the United States, any state, and

1   any agency thereof.

2   **Forty-eighth Defense**

3   48.    The claims must be dismissed because Plaintiff and Decedent would have taken

4   Bextra® even if the product labeling contained the information that Plaintiffs contend should

5   have been provided.

6   **Forty-ninth Defense**

7   49.    The claims asserted in the Complaint are barred because the utility of Bextra®

8   outweighed its risks.

9   **Fiftieth Defense**

10  50.    Plaintiffs' damages, if any, are barred or limited by the payments received from

11  collateral sources.

12  **Fifty-first Defense**

13  51.    Defendants' liability, if any, can only be determined after the percentages of

14  responsibility of all persons who caused or contributed toward Plaintiffs' alleged damages, if

15  any, are determined.   Defendants seek an adjudication of the percentage of fault of the

16  claimants and each and every other person whose fault could have contributed to the alleged

17  injuries and damages, if any, of Plaintiffs and Decedent.

18  **Fifty-second Defense**

19  52.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention in that the

20  common law gives deference to discretionary actions by the United States Food and Drug

21  Administration under the Federal Food, Drug, and Cosmetic Act.

22  **Fifty-third Defense**

23  53.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® is

24  comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act

25  ("FDCA"), 21 U.S.C. §§ 301 *et seq.*, and regulations promulgated there under, and Plaintiffs'

26  claims conflict with the FDCA, with the regulations promulgated by FDA to implement the

27  FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations,

28  and with the specific determinations by FDA specifying the language that should be used in the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

labeling accompanying Bextra®.    Accordingly, Plaintiffs' claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

### Fifty-fourth Defense

54.    Plaintiffs' misrepresentation allegations are not stated with the degree of particularity required by Federal Rule of Civil Procedure 9(b), and should be dismissed.

### Fifty-fifth Defense

55.    Defendants state on information and belief that the Complaint and each purported cause of action contained therein is barred by the statutes of limitations contained in California Code of Civil Procedure §§ 335.1 and 338 and former § 340(3), such other statutes of limitation as may apply.

### Fifty-sixth Defense

56.    Defendants state on information and belief that any injuries, losses, or damages suffered by Plaintiffs or Decedent were proximately caused, in whole or in part, by the negligence or other actionable conduct of persons or entities other than Defendants.    Therefore, Plaintiffs' recovery against Defendants, if any, should be reduced pursuant to California Civil Code § 1431.2.

### Fifty-seventh Defense

57.    To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil Code § 3294, and, therefore, any award of punitive damages is barred.    Any claim for punitive damages is also barred under California Civil Code § 3294(b).

### Fifty-eighth Defense

58.    The product in question was approved as safe and effective by the FDA and the labeling for said product was in compliance with FDA's approval at the time the products left the control of Defendants and hence, Plaintiffs' claims are barred by MCL 600.2946(5).

### Fifty-ninth Defense

59.    Plaintiffs' claim for non-economic damages is capped pursuant to MCL 600.2946a.

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

### Sixtieth Defense

60.     To the extent Plaintiffs prove that the products in question caused or contributed to any injury they may have suffered, which is denied by Defendants, Defendants should not be liable to warn as Plaintiffs cannot prove that the scientific, technical or medical information that was reasonably available at the time was known or should have been known by the Defendants. MCL 600.2948.

### Sixty-first Defense

61.     Defendants assert all of the protections and defenses afforded them, and Plaintiffs' claims of liability or damages are limited pursuant to the Michigan Products Liability Act including specifically, but not limited to MCL 600.2946 through MCL 600.6306, including MCL 600.2946, MCL 600.2946(a), MCL 600.2947, MCL 600.2948, MCL 600.2956, MCL 600.2957 and MCL 600.2959.

### Sixty-second Defense

62.     The product alleged to have caused damages may not have been used in the manner and for the purposes intended.  Such improper use and/or abuse of the product for an unforeseeable purpose and in an unforeseeable manner may have proximately caused or contributed to the alleged injuries, if any, and therefore there is no recovery available against Defendants pursuant to MCL 600.2947.

### Sixty-third Defense

63.     Plaintiffs' claim for non-economic damages is barred for the reason that Plaintiffs' percentage of comparative fault is greater than the aggregate fault of the Defendants and non-parties hereto, pursuant to MCL 600.2959 and MCL 600.6306; but that to the extent allowable, must be reduced in total or part pursuant to 600.2946(a).

### Sixty-fourth Defense

64.     The claims set forth in Plaintiffs' Complaint are barred in that the product in question was provided to a sophisticated user. In this case, the "user" would include any prescribing physician.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

**Sixty-fifth Defense**

2    65.    Plaintiffs and Decedent failed to make every reasonable effort to mitigate, prevent

3    and/or reduce their alleged damages, injuries, and monetary losses.

4

**Sixty-sixth Defense**

5    66.    Plaintiffs' claims, part of Plaintiffs' claims, or evidence relating to Plaintiffs' claims

6    may be barred in whole or in part due to possible spoliation of evidence by Plaintiffs or

7    Decedent, or those within Plaintiffs' or Decedent's control or with full knowledge of Plaintiffs

8    or Decedent.

9

**Sixty-seventh Defense**

10    67.    Any claims for punitive damages are barred in that they are not allowable under

11    Michigan law. To the extent that they are allowed contrary to Michigan law, such claims further

12    violate Defendants' constitutional rights under the following clauses of the United States

13    Constitution, as well as any similar provisions under the Michigan Constitution: Commerce

14    Clause, Contracts Clause, Supremacy Clause, Due Process, Takings Clause, Excessive Fines

15    and Equal Protection.

16

**Sixty-eighth Defense**

17    68.    In the event Plaintiffs recover a verdict or judgment against Defendants, then said

18    verdict or judgment must be reduced pursuant to CPLR 4545(c), and/or other applicable State

19    or Commonwealth statutes, by those amounts which have, or will, with reasonable certainty,

20    replace or indemnify Plaintiffs, in whole or in part, for any past or future claimed medical

21    expenses or other such economic loss, paid from any collateral source such as insurance, social

22    security, workers' compensation or employee benefit programs.

23

**Sixty-ninth Defense**

24    69.    In accordance with CPLR 1601 et seq., and/or other applicable State or Commonwealth

25    statutes, the liability of Defendants, if any, to Plaintiffs for non-economic loss is limited to its

26    equitable share, determined in accordance with the relative culpability of all persons or entities

27    contributing to the total liability for non-economic loss, including named parties and others over

28    whom Plaintiffs could have obtained personal jurisdiction with due diligence.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

**Seventieth Defense**

2    70.    In accordance with General Obligations Law 15-108, if Plaintiffs or Decedent executed

3    a release or a covenant not to sue for a tortfeasor in this action, Plaintiffs' damage claim against

4    Defendants is reduced to the extent of any amount stipulated by the release or covenant, or in

5    the amount of consideration paid for it, or in the amount of the released tortfeasor's equitable

6    share of the damages under CPLR 1401 et seq., whichever is greatest.

7

**Seventy-first Defense**

8    71.    The conduct of Defendants and all activities with respect to the subject products were

9    fair and truthful based upon the knowledge existing at the relevant time alleged in the

10    Complaint.  Therefore, Plaintiffs' claims under New York Business Corporation Law § 349 are

11    barred.

12

**Seventy-second Defense**

13    72.    Defendants reserve the right to supplement their assertion of defenses as they continue

14    with their factual investigation of Plaintiffs' claims.

15

**V.**

16

**PRAYER**

17    WHEREFORE, Defendants pray for judgment as follows:

18    1.    That Plaintiffs take nothing from Defendants by reason of the Complaint;

19    2.    That the Complaint be dismissed;

20    3.    That Defendants be awarded their costs for this lawsuit;

21    4.    That the trier of fact determine what percentage of the combined fault or other liability

22        of all persons whose fault or other liability proximately caused Plaintiffs' and

23        Decedent's alleged injuries, losses or damages is attributable to each person;

24    5.    That any judgment for damages against Defendants in favor of Plaintiffs be no greater

25        than an amount which equals their proportionate share, if any, of the total fault or other

26        liability which proximately caused Plaintiffs' and Decedent's injuries and damages; and

27    6.    That Defendants have such other and further relief as the Court deems appropriate.

28

1   May 9, 2008                                  GORDON & REES LLP

2

3                                                By: :_____/s/_____

4                                                   Stuart M. Gordon
                                                    sgordon@gordonrees.com
5                                                   Embarcadero Center West
                                                    275 Battery Street, 20th Floor
6                                                   San Francisco, CA 94111
                                                    Telephone:  (415) 986-5900
7                                                   Fax:  (415) 986-8054

8   May 9, 2008                                  TUCKER ELLIS & WEST LLP

9                                                .

10

11                                               By: :_____/s/_____

12                                                  Michael C. Zellers
                                                    michael.zellers@tuckerellis.com
13                                                  515 South Flower Street, Suite 4200
                                                    Los Angeles, CA  90071-2223
14                                                  Telephone:  (213) 430-3400
                                                    Fax:  (213) 430-3409

15                                                  Attorneys for Defendants
16                                                  PFIZER INC., PHARMACIA
                                                    CORPORATION, AND G.D. SEARLE
17                                                  LLC

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

ANSWER TO COMPLAINT – 3:08-cv-1822-CRB

1

## JURY DEMAND

2       Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC, hereby demand a

3   trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil

4   Procedure.

5   May 9, 2008                                   GORDON & REES LLP

6

7                                                 By: :_____/s/_____
                                                      Stuart M. Gordon
8                                                     sgordon@gordonrees.com
                                                      Embarcadero Center West
9                                                     275 Battery Street, 20th Floor
                                                      San Francisco, CA  94111
10                                                    Telephone:  (415) 986-5900
                                                      Fax:  (415) 986-8054
11

12  May 9, 2008                                   TUCKER ELLIS & WEST LLP

13

14                                                By:_____/s/_____
                                                      Michael C. Zellers
15                                                    michael.zellers@tuckerellis.com
                                                      515 South Flower Street, Suite 4200
16                                                    Los Angeles, CA 90071-2223
                                                      Telephone:  (213) 430-3400
17                                                    Fax:  (213) 430-3409

18                                                    Attorneys for Defendants
                                                      PFIZER INC., PHARMACIA
19                                                    CORPORATION, AND G.D. SEARLE
                                                      LLC
20

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111